CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
For Roanoke
OCT 29 2010
JULIA C. DUDLEY, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ALLEN NEIL PANFILE, SR., | ) | Civil Action No. 7:10-cv-00425 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| DEPUTY DIRECTOR GENE M. | ) | |
| JOHNSON, | ) | By: Hon. Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

Allen Neil Panfile, Sr., a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner alleges that the prosecutor entered false evidence and he received ineffective assistance of counsel because, inter alia, his attorneys failed to file notices of appeals on his behalf. This matter is before me for preliminary review, pursuant to Rule 4 of the Rules Governing § 2254 Cases. After reviewing the record, I dismiss the petition without prejudice because petitioner did not yet present his claims to the Supreme Court of Virginia.

I.

Plaintiff's submissions reveal the following relevant information. The Circuit Court for the City of Waynesboro entered petitioner's criminal judgment on September 24, 2008, following petitioner's guilty pleas to operating a motor vehicle while his driving privilege was revoked and a third offense and fourth offense of driving under the influence. Petitioner filed a pro se notice of appeal of his conviction in the circuit court, but the Court of Appeals of Virginia dismissed his appeal on February 13, 2009, because petitioner failed to file a petition for appeal in the appellate court. Panfile v. Commonwealth, No. 3033-08-3, slip op. at 1 (Va. App. Ct. Feb. 13, 2009). Petitioner did not appeal that dismissal to the Supreme Court of Virginia.

Petitioner filed a pro se petition for a writ of habeas corpus with the circuit court on January 7, 2010. The circuit court dismissed the petition on April 16, 2010. Petitioner did not file an appeal to the Supreme Court of Virginia.

II.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, a non-death row inmate can exhaust the state remedies in one of three ways, depending on the nature of the claims raised. First, the inmate can file a direct appeal to the Virginia Court of Appeals, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules adversely. Second, the inmate can attack the conviction collaterally by filing a state habeas petition with the circuit court where the inmate was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code §§ 8.01-654(A)(1); 17.1-411. Finally, the inmate can exhaust the remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that the inmate ultimately must present the claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. A petitioner can not have exhausted state remedies if a petitioner has the right under the law of the state to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c).

In this case, the petition clearly shows that petitioner has not presented the claims to the Supreme Court of Virginia as required. Petitioner's failure to exhaust the state remedies mandates summary dismissal of the petition by this court.[1] Based upon the finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

III.

For the foregoing reasons, I dismiss the petition without prejudice for petitioner's failure to present the claims to the Supreme Court of Virginia, and I deny petitioner a certificate of appealability.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to petitioner.

**ENTER**: This 20th day of October, 2010.

Jackson L. Kiser
Senior United States District Judge

---

[1] Petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia through one of the three routes described. Petitioner is advised, however, that his time to file state or federal habeas petitions is now limited. See 28 U.S.C. §2244(d); Virginia Code §8.01-654(A)(2).